In the Matter of the Application of SAMUEL E. LEVINSON and Others, Petitioners, for a Mandamus Order against JOHN L. RICE, M. D., Commissioner of Health, JOSEPH D. MCGOLDRICK, Comptroller, and JAMES E. FINNEGAN and Others, of the Municipal Civil Service Commission, All of the City of New York, Respondents.

Supreme Court, New York County, August 27, 1934.

*Bogart & Lonergan*, for the petitioners.

*Paul Windels, Corporation Counsel* [*William E. C. Mayer* and *Robert H. Schaffer* of counsel], for the respondents.

ROSENMAN, J.   Chapter 178 of the Laws of 1934, the so-called New York City Economy Act, was constitutionally enacted as a local or special law pursuant to the requirements of article XII, section 2, of the Constitution.   It was made applicable only to New York city and not to all the cities of the State as provided in article XII, section 5, for the reason that the Legislature deemed it necessary to pass this legislation for New York city only and no other.   It conferred powers upon the board of estimate and apportionment of the city of New York to abolish certain positions,

although the budget for the current fiscal year had already been adopted and filed and published as provided in the charter of the city.

This was a new power which neither the board of estimate nor the board of aldermen, severally or jointly, possessed before the economy act became law.

There is no constitutional provision which prevents the Legislature from conferring these additional powers by special or local law. Even if they were in conflict with existing provisions of the charter, that alone would not affect the validity of the act, passed as it was, in strict conformity with the home rule provisions of the Constitution. The contention of the petitioners that the act is unconstitutional cannot be sustained.

The petitioners' positions were abolished pursuant to this act of the Legislature. None of the legal grounds urged by the petitioners for this order of mandamus are valid; and the motion would be denied except for certain issues of fact which have arisen and to determine which an alternative order is necessary.

The petition alleges that emergency relief workers have been assigned to perform the duties heretofore performed by the petitioners. This is denied by the city. If the allegation of the petition is true, section 16 of the act has been violated. The petition also alleges that no investigation has been carried on by the board of estimate as required by section 2 of the act. This is denied by the city. These issues can be determined only by trial. Settle order for alternative writ.